MADDOX, Justice.
This is an appeal from the judgment of the trial court quieting title to the oil and gas rights in the subject property in the appellees, defendants below.
On December 10, 1902, Susie M. Sharp acquired fee simple title in the property which is the subject of this action. The property is described as follows:
The E Vi of the NW A, Section 29, and 10 acres more or less in [the] NE corner of [the] NW Vi of [the] NW Vi, Sec. 29, T. 13, R. 14, being all east of the branch in [the] NE corner [of the] NW Vi of [the] NW Vi, the branch being the line. [The] S Vi of the SW Vi, Section 20, Township 13, Range 14 West. Containing 170 acres more or less.
On June 27, 1912, Susie M. Sharp conveyed to R. G. Hollis the following property:
The N Vi of [the] E Vi of [the] NW Vi, Sec. 29, and ten acres, more or less, in [the] NE corner of [the] NW Vi of [the] NW Vi, Sec. 29, T. 13, R. 14, being all east of the branch in [the] NE corner of [the] NW Vi of [the] NW Vi, the branch being the line, [and the] S Vi of [the] SW Vi, Sec. 20, T. 13, R. 14 West, containing one hundred and thirty acres more or less, oil and gass [sic] right reserved according to contract, given in 1910.
By a deed given in February, 1928, R. G. Hollis conveyed this and other property to H. J. Weeks without reference to the oil and gas rights. Weeks conveyed the property to M. L. Stanford on February 11, 1932.
*883 The plaintiffs-appellants, Charles F. Stanford, Bessie Stanford, James M. Stanford, Jo Ann Rasbury and Mary Ruth Ethington, together with the cross-defendants, Nell Henly, Billie Stanford and Lillian Stanford, constitute all of the heirs at law of M. L. Stanford, who died intestate.
The defendants-appellees, James M. Sharp, Ruth B. Teal, Rob N. Miller, Jo Ann Ralston, Janet Barclay and John F. McCut-cheon, are the sole heirs of Susie M. Sharp.
The plaintiffs filed suit asking the court to find that the defendants have no right to, title to, interest in or encumbrance upon the subject property. The defendants answered and counterclaimed asking the court to quiet title in them.
The case was presented to the trial court on stipulated facts on July 14, 1980. On August 30, 1980, the trial court issued its decree finding that the term “oil and gass [sic] right reserved” was unambiguous, that the reference to the contract in 1910 did not render the reservation void and that the title to the oil and gas rights should be quieted in the defendants.
The appellants allege that the trial court erred in quieting title in the appellees on the basis of the reservation of the oil and gas rights in the 1912 deed from Susie M. Sharp to R. G. Hollis. We agree. While the trial judge was correct in his assessment that the language “oil and gass [sic] right reserved” is unambiguous, that is not the only language used in reference to the oil and gas rights; that language is followed by the phrase “according to contract, given in 1910.” This latter language makes the prior term ambiguous because it makes reference to the 1910 contract which we do not have before us; therefore, we cannot say whether the contract in 1910 would have reserved all or only a portion of the oil and gas rights on the subject property, nor can we say over what portion of that property the oil and gas reservation might operate.
In Sanford v. Alabama Power Co., 256 Ala. 280, 54 So.2d 629 (1951), there was almost the converse situation before this Court. In Sanford, the language in question was “with the exception of the F Montgomery mineral agreement, to wit all the mineral... . ” There, the language “with the exception of the F Montgomery mineral agreement” was held to be so vague as to render the phrase inoperative, but this Court held the rest of the language, “to wit all the mineral,” to be sufficiently clear as to remove the prior ambiguity and save the reservation of the mineral rights.
In the present case, without the qualifying phrase “according to contract, given in 1910,” the initial language “oil and gas right reserved” would be clear. There would be no question that what was intended was a reservation of all the oil and gas rights. The qualifying language’s reference to an uncertain contract, however, makes the former phrase less certain. In fact, the qualifying phrase makes the reservation vague, uncertain and, therefore, inoperative. Because the language of the reservation of oil and gas rights clause is ambiguous, it must be construed in favor of the grantee and against the grantor. Martin v. Knight, 290 Ala. 171, 275 So.2d 117 (1973). In other words, under the evidence of record before us, title to the property should have been quieted in the appellants instead of in the appellees; therefore, the judgment of the trial court is due to be reversed and the cause remanded.
REVERSED AND' REMANDED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.